ACCEPTED
01-14-00864-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
3/16/2015 2:14:52 PM
CHRISTOPHER PRINI
CLERK

No. 01-14-00864-CV

In The First Court of Appeals

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
3/16/2015 2:14:52 PM
CHRISTOPHER A. PRINE
Clerk

LLYASAH DUPREE D/B/A 360 DEGREES BEAUTY ACADEMY,

*Appellant,*

v.

BONIUK INTERESTS, LTD.,

*Appellee.*

On Appeal From the 11th District Court
Harris County, Texas
No. 2014-40231

# BRIEF OF APPELLEE

Debra Boniuk
TBN: 17500281
3720 San Jacinto
Houston, Texas 77004
Telephone (713) 984-8300
Facsimile (713) 984-9399

Michael G. Martinez
TBN: 13143150
P.O. Box 1348
Friendswood, Texas 77549
Telephone (281) 450-1997
Facsimile (281) 482-1162

Counsel for Appellee

ORAL ARGUMENT NOT REQUESTED

# TABLE OF CONTENTS

Page

INDEX OF AUTHORITIES                                                      3
    Cases                                            3
    Statutes, Rules and Regulations                  4

BRIEF OF APPELLEE                                                         5

STATEMENT OF THE CASE                                                    6

ISSUES PRESENTED                                                          6

PRELIMINARY STATEMENT                                                     8

STATEMENT OF FACTS                                                        8

    1.    Factual Recitation    8

    2.    Course of Proceedings  14

SUMMARY OF THE ARGUMENT                                                  15

ARGUMENT                                                                 16
    The evidence presented at trial is more than sufficient to     16
    support the trial court's award of damages in favor of
    Boniuk, and to support the denial of relief to Dupree
    A.    Standard of Review      16
    B.    The evidence presented at trial is more than sufficient to   18
        support the trial court's award of damages to Boniuk
        (i)    Breach of Lease    18
        (ii)    Breach of Promissory Note    23
    C.    The evidence presented at trial is more than sufficient to   26
        support the trial court's denial of relief to Dupree
    D.    Boniuk's evidence is legally and factually sufficient to     29
        support the judgment

CONCLUSION AND PRAYER                                                    29

# INDEX OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

1.  *Tucker v. Tucker*, 908 S.W.2d 530, 532 (Tex. 1995)                                                       16

2.  *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991)                                       16

3.  *Hitzelberger v. Samedan Oil Corp.*, 948 S.W.2d 497, 503 (Tex. App.—Waco 1997, writ denied)              16

4.  *Formosa Plastics Corp USA v. Presidio Engineers and Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998)   17, 27

5.  *Merrell Dow Pharmaceuticals v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)                                  17, 20

6.  *Cecil v. Smith*, 804 S.W.2d 509, 510 n. 2 (Tex.1991)                                                     17, 20

7.  *Sosa v. City of Balch Springs*, 772 S.W.2d 71, 72 (Tex. 1989)                                            17

8.  *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986)                                                            17, 20

9.  *Otis Elevator Co. v. Joseph*, 749 S.W.2d 920, 923 (Tex. App.—Houston [1st Dist.] 1988, no writ)         17

10. *O'Farrill Avila v. Gonzalez*, 974 S.W.2d 237, 243 (Tex. App.—San Antonio 1998, pet. denied)             17

11. *Connelly v. Paul*, 731 S.W.2d 657, 661 (Tex. App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.)          18

12. *State v. Heal*, 917 S.W.2d 6, 9 (Tex.1996)                                                               18

13. *Pegasus Energy Group, Inc. v. Cheyenne Petroleum Co.*, 3 S.W.3d 112, 120 (Tex. App.—Corpus Christi 1999, pet. denied) 18

14. *accord State Farm Lloyds v. Kessler*, 932 S.W.2d 732, 735 (Tex. App.—Fort Worth 1996, writ denied)      18

15. *Hydrocarbon Mgmt., Inc. v. Tracker Expl., Inc.*, 861 S.W.2d 427, 431 (Tex. App.—Amarillo 1993, no writ) 18

16. *C & C Partners v. Sun Exploration & Prod.*, 783 S.W.2d 707, 721 (Tex. App.–Dallas 1989, writ denied)    18

17. *Valero Mktg. & Sup. Co. v. Kalama Int'l*, 51 S.W.3d 345, 351 (Tex. App.–Houston [1st Dist.] 2001, no pet.) 18

18. *Austin v. Countrywide Homes*, 261 S.W.3d 68, 72 (Tex. App.—Houston [1st Dist.] 2008, pet. denied)       24

19. *Clark v. Dedina*, 658 S.W.2d 293, 295 (Tex. App.—Houston [1st Dist.] 1983, writ dism'd)                 24

**Cases**                                                                    **Page(s)**

20.  *Coker v. Coker*, 650 S.W. 2d 391, 393 (Tex. 1983)                              26
21.  *City of Pinehurst v. Spooner Addition Water Co.*, 432 S.W. 2d                  26
        515, 518 (Tex. 1968)
22.  *Community Dev.__[**5] Serv., Inc. v. Replacement Parts Mfg.*,                  26
        679 S.W. 2d 721, 724 (Tex. App.—Houston [1st Dist.] 1984, no writ)
23.  *Trinity Univ. Ins. Co. v. Ponsford Bros.*, 423 S.W. 2d 571, 574-75            26
        (Tex. 1968).
24.  *In re First Merit Bank, N.A.*, 52 S.W. 3d 749, 758 (Tex. 2001)                27
25.  *Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 434 (Tex. 1986)           28


**Statutes, Rules and Regulations**

1. Texas Property Code, Section 93.002(f)                                            12

No. 01-14-00864-CV

In The First Court of Appeals

LLYASAH DUPREE D/B/A 360 DEGREES BEAUTY ACADEMY,

*Appellant,*

v.

BONIUK INTERESTS, LTD.,

*Appellee.*

ON APPEAL FROM THE 11TH DISTRICT COURT
HARRIS COUNTY, TEXAS
NO. 2013-40231

# BRIEF OF APPELLEE

TO THE HONORABLE JUSTICES OF THE FIRST COURT OF APPEALS:

Appellee, Boniuk Interests, Ltd. ("Boniuk") submits this brief in support of its

request that the judgment of the trial court be affirmed in all respects.

# STATEMENT OF THE CASE

*Nature of the Case:* This is an appeal from a bench trial on claims between a tenant, Llyasah Dupree d/b/a 360 Degree Beauty Academy, and a landlord, Boniuk Interests, Ltd., relating to a lease agreement and promissory note made and entered into by and between the parties.

*Trial Court:* Judge Michael D. Miller, 11th Judicial District Court, Harris County, Texas

*Trial Court's Disposition:* The trial court, after a full trial of the issues, awarded judgment in favor of Boniuk Interests, Ltd., in the amount of $119,665.45 for breach of lease ($91,168.00) and breach of promissory note ($28,497.45), and awarded Boniuk Interests, Ltd., $15,000.00 as attorneys' fees and all taxable court costs. Further, the trial court rejected appellant's claims for relief and entered a take nothing judgment as to all of Dupree's causes of action.

*Parties in Trial Court:* Plaintiff/Counter-Defendant: Llyasah Dupree d/b/a 360 Degree Beauty Academy

Defendant/Counter-Plaintiff: Boniuk Interests, Ltd.

# ISSUES PRESENTED

I.  At trial, Boniuk presented evidence that Boniuk and Dupree entered into a written lease agreement for a specific premises and a defined term with a specified rental obligation, that the lease was amended abating and deferring Dupree's rental obligations, that Dupree defaulted and breached the lease by failing to pay rental payments pursuant to the terms of the lease, that Boniuk

gave notice to Dupree of her default for failure to pay rent due and continued in default despite such notice. In addition, Boniuk offered credible and uncontroverted evidence that it exercised its rights pursuant to the lease agreement and the Texas Property Code to change the locks of the premises for failure to pay rent. Accordingly, as set forth in the arguments below, a hearing was held in the Justice Court of Harris County, Precinct 5, Place 2, and the presiding judge ruled "the lockout was lawful, and Llyasah Dupree should be prevented from entering the premises until she pays in full."

> In light of this evidence, did the trial court properly enter judgment under the terms of the lease agreement in favor of Boniuk, and against Dupree, for breach of lease? (Responsive to Dupree's points of error 2 and 3).

II. At trial, Boniuk offered evidence to support its claim that Dupree executed a promissory note in favor of Boniuk (the legal holder of the note), that Dupree defaulted in failing to pay her note payments when due, that Dupree breached the note by failing to pay said payment obligations pursuant the terms of the note, that Boniuk gave notice to Dupree of her default and Dupree continued in default despite such notice. In addition, Boniuk provided evidence that there was an outstanding balance due and owing.

> Did the trial court properly enter judgment in favor of Boniuk for breach of the Promissory Note by Dupree? (Responsive to Dupree's point of error 1)

III. At trial, Dupree failed to offer any evidence to support her claim of fraud.

7

In light of this evidence, did the trial court properly decline to enter judgment in favor of Dupree that Boniuk committed fraud? (Responsive to Dupree's point of error 4)

## PRELIMINARY STATEMENT

The points raised by Dupree in her brief fall into two categories. First, whether there is sufficient evidence to support the factual findings and judgment entered by the trial court, and second, whether the trial court properly entered judgment on the allegation of fraud claimed by Dupree. Reviewing the record in this case under the proper standard of review makes clear that there is more than sufficient evidence to support the trial court's judgment in all respects. Therefore, the trial court's judgment should be affirmed.

## STATEMENT OF FACTS

### *Factual Recitation*

Pursuant to TEX. R. APP. P. 38.2(a)(1)(B), Boniuk does not believe Dupree's brief accurately portrays the factual evidence presented in the trial court. Therefore, Boniuk offers the following factual statements:

Boniuk Interests, Ltd. ("Boniuk") and Llyasah M. Dupree ("Dupree") entered into a written lease agreement ("Lease") on September 30, 2007, whereby Boniuk leased real property (approximately 10,000 square feet) located at 4815 (a/k/a 4745) Highway 6 North, Houston, Harris County, Texas ("Premises") to Dupree for use as a beauty

8

cosmetology school and related activities. (Pl. Ex. 1 @ 2 RR 11-40; 1 RR 27-28, 149).[1] The Lease was for an eighty-four (84) month initial term commencing on January 28, 2008. *Id.* (1 RR 149). Dupree promised to pay the minimum rent under the Lease, which was $700.00 per month (months 1 – 3), $1,400 per month (months 4 – 7), $5,000 per month (months 8 – 24), and $6,000.00 per month (months 25 – 84). *Id.* (1 RR 149-50). In addition, Dupree agreed to pay the additional charges for Common Area Maintenance, taxes and insurance, and water/sewer adding an additional $1,323.00 per month beginning in month 8; resulting in a total gross rent obligation of $6,323 per month (months 8 – 24), and $7,323.00 per month (months 25 – 84). *Id.* (1 RR 150).

In January 2008, during the build-out phase but prior to the tenant occupying the premises, the Premises was damaged during a storm from a roof failure occurring during the time Boniuk had hired a contractor to re-roof the shopping center which allowed rainwater to flood the premises. (1RR 33, 59, 109-112). This delayed tenant's occupancy of the premises and damaged some of the tenant's personal property. (1 RR 34). The Lease was amended on September 26, 2008. (Pl. Ex. 2 @ 2 RR 41-42; 1 RR 41, 59). This amendment abated the rent for the months of September, October and November 2008. *Id.* (1 RR 59-60, 151). It also deferred $3,000 per month of rent for

---

[1] References to the Clerk's Record in this brief will be denoted as (CR __). References to the Reporter's Record will be denoted as (__ RR __). References to Plaintiff's or Defendant's Exhibits will be denoted as (Pl. Ex. __) or (Def. Ex. __) respectively.

the months of December 2008 through March 2009; with the agreement that tenant would pay these deferred amounts in increments of $500 per month for twenty-four (24) months beginning October 2009. *Id.* (1 RR 60–61, 151). This amendment also included a mutual release of all claims between the parties existing at the time of the amendment. *Id.* (1 RR 62). All other provisions of the lease remained in full force and effect, including monthly rental payments. *Id.*

Dupree failed to pay the rent pursuant to the terms of the lease. (Def. Exs. 3, 4, 5, 9 and 10; 1 RR 153-59). While Dupree was in arrears of rental payments due, during December 2009, she requested that she start the New Year (2010) with a zero ($0) balance so that the business debt-to-income ratio would look better for the government auditors. (1 RR 78, 154-55). In response to this request, Boniuk agreed to make concessions to assist Dupree in this regard. (1 RR 153-55). So, Dupree executed and delivered to Boniuk a promissory note dated December 18, 2009, whereby Dupree promised to pay to the order of Boniuk the sum of $21,499.00 – representing Dupree's unpaid monthly rentals. (Pl. Ex. 3 @ 2 RR 43-47; 1 RR 45, 154-55). And, Dupree also made payment in the amount of $20,000 with a cashiers check dated December 18, 2009. (Pl. Ex. 14 @ 2 RR 94; 1 RR 64-65, 154-55).

Dupree again breached the lease in 2010 by failing to pay rent due and continued in default into 2011. (Def. Exs. 3, 4, 5, 9 and 10; 1 RR 160-61, 165-66). Dupree, also, for a second time in March 2011, requested concessions from Boniuk because of her

11

need to satisfy requirements of the Title IV government program. (Def. Ex. 18 @ 2RR 147-48; 1 RR 164-65). More specifically, and in part, she requested that the subject lease end as of December 31, 2010, and that a new contract be executed to be effective as of January 1, 2011 with the same terms and options of the original lease. *Id.* Furthermore, Dupree writes that she will make sure Boniuk receives at least $20,000 owed on the outstanding balance and continue to make payments on the signed agreement. *Id.*

On or about March 10, 2011, Boniuk exercised it rights pursuant to the Lease Agreement (Section 19) and the Texas Property Code [section 93.002(f)] to change the locks on the Premises for failure to pay rent due. (Pl. Ex. 1 – Section 19; 1 RR 126-28, 160-61, 165-66). Boniuk complied with all of the requirements set forth in section 93.002 (f) of the Texas Property Code. (1 RR 160-61). On March 22, 2011, Dupree filed a Writ of Re-entry with a Tenant's Sworn Complaint in the Justice of the Peace Court, Precinct 5, Place 2; case number EV52C0309272. (Def. Ex. 6 @ 2 RR 119-20; 1 RR 55-58). A hearing was held on March 24, 2011 @ 4:00 p.m. at which time judgment was entered in favor of Boniuk confirming that the lockout was lawful. (Def. Ex. 7 @ 2 RR 121; 1 RR 58, 165).

To mitigate damages owed by Dupree, Boniuk commenced efforts to re-let the premises immediately upon retaking possession of the Premises. On July 1, 2011, Boniuk Interests, Ltd. contracted with a third party to lease the Premises at 4745

12

Highway 6 North, Houston, Harris County, Texas. (Pl. Ex. 10 @ 2 RR 65-93; 1 RR 137). The rent commencement date under the terms of this new lease was one hundred twenty (120) days from the date the Premises was tendered to the new tenant; the rent commencement being November 4, 2011. *Id.*

On or about March 28, 2011, Boniuk presented a claim on the Lease to Dupree for payment. (Def. Ex. 9 @ 2 RR 127-129; 1 RR 161-62). The claim was made by letter received by Dupree on March 30, 2011 via certified mail, RRR (7011 0110 0000 4181 9822), demanding payment of past due rent. *Id.* Again on July 19, 2013, Boniuk presented a claim on the Lease to Dupree through her attorney of record for payment. (Def. Ex. 10 @ 2 RR 130-35; 1 RR 163). The claim was made by this letter received on July 19, 2013 via facsimile transmission and on July 24, 2013 via certified mail, RRR (7011 0110 0000 4181 8665), demanding payment of past due rent in the amount of 91,168.00. *Id.* Dupree failed to pay said account to Boniuk. The correct balance due to Boniuk for rental payments in this lawsuit is $91,168.00. (1 RR 169).

As stated previously, on or about December 18, 2009, at Houston, Texas, Dupree (Borrower) executed and delivered to Boniuk Interests, Ltd. (Lender) a promissory note dated December 18, 2009, whereby Dupree promised to pay to the order of Boniuk the sum of $21,499.00, due and payable in equal monthly installments of $440.00 from February 1, 2010 through February 1, 2015 at Houston, Texas. (Pl. Ex. 3; 1 RR 154-55). Said note bears interest from February 1, 2010 at the rate of

eight percent (8%) per annum until maturity and from maturity until paid at the rate of fifteen percent (15%) per annum. *Id.* Dupree made only one payment towards the note; $1,452.00 on June 10, 2010. (Def. Ex. 12 @ 2 RR 136 and Def. Ex. 13 @ 2 RR 237; 1 RR 166-68). The Note had been breached by Dupree for failure to pay payment obligations due under the terms of the note. (1 RR 166-69).

On or about January 11, 2011, Boniuk sent notice of default and intent to accelerate to Dupree. (Def. Ex. 14 @ 2 RR 138; 1 RR 168-69) On or about March 28, 2011, Boniuk accelerated the maturity of the note and demanded payment of the note in full by Dupree, but no additional payments were made. (Def. Ex. 15 @ 2 RR 139-41; 1 RR 169) Finally, on or about July 19, 2013, Boniuk sent demand for payment of the note in the amount $28,497.45. (Def. Ex. 16 @ 2 RR 142-46; 1 RR 169). Dupree had failed to pay said account to Boniuk. The correct balance due to Boniuk for note payments in this lawsuit is $28,497.45. (1 RR 169).

### Course of Proceedings

Dupree instituted this action on July 9, 2013, with its original petition alleging breach of lease covenants, wrongful eviction, retaliatory eviction, reimbursement, fraud, and deceptive trade practices. (CR 3-14). Boniuk timely filed a general denial, specific denials and affirmative defenses on July 19, 2013, which included the filing of its Requests for Disclosure (CR 19-21); and filed its counterclaim on October 1, 2013

14

for breach of lease and breach of promissory note, seeking damages. (CR 22-88). Dupree filed her answer to said counterclaim on February 13, 2014 (CR 89-90)

Following a bench trial, the trial court on July 25, 2014, entered judgment in favor of Boniuk, and against Dupree, for actual damages in the amount of $119,665.45 (CR 91-93). In addition, attorneys' fees in the amount of $15,000.00 were awarded to Boniuk; as well as court costs. *Id.* Finally, the trial court ordered that Dupree take nothing from Boniuk by way of her original claims. *Id.* On August 8, 2014, Dupree filed her request for findings of fact and conclusions of law. (CR 94-95). On August 15, 2014, the trial court entered its findings of fact and conclusions of law which specifically supported its judgment based upon breach of contract and breach of promissory note in favor of Boniuk. (CR 96-102). On October 22, 2014, Dupree filed its notice of appeal. (CR 107-108).

## SUMMARY OF THE ARGUMENT

The trial court's judgment is correct and should be affirmed. First, there is more than sufficient evidence to support the trial court's conclusions that Dupree breached the subject lease agreement by failing to pay rental installments due to Boniuk. This same evidence supports that specific checks were delivered to Boniuk with instruction from Dupree to hold such checks until funds were available and funds were never represented as available. Furthermore, there is more than sufficient evidence to support the trial court's conclusion that the amendment to the lease agreement is valid

15

and legally enforceable against both parties. In addition, there is more than sufficient evidence to support the trial court's conclusions that Dupree breached the subject promissory note by failing to pay note installments due to Boniuk. Finally, there is no evidence presented in the trial court to support Dupree's fraud claim; thus the denial of relief to Dupree is correct. For all these reasons, the trial court's judgment should be affirmed.

## ARGUMENT

**The evidence presented at trial is more than sufficient to support the trial court's award of damages in favor of Boniuk, and to support the denial of relief to Dupree.**

A major issue raised by Dupree on appeal is the sufficiency of evidence to support the trial court's judgment. As demonstrated below, the evidence is more than sufficient, and this Court should affirm the trial court's judgment in its entirety.

### A.    Standard of review

Findings of fact in a case tried to the bench have the same character as a jury's verdict. *See Tucker v. Tucker*, 908 S.W.2d 530, 532 (Tex. 1995). The trial court's findings of fact are reviewable for legal and factual sufficiency by the same standards applicable to review of a jury's findings. *See Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991); *Hitzelberger v. Samedan Oil Corp.*, 948 S.W.2d 497, 503 (Tex. App.—Waco 1997, writ denied); *see also* W. Wendell Hall, *Revisiting Standards of Review in Civil Appeals*, 24 ST. MARY'S L. J. 1045, 1145 (1993).

16

In reviewing findings of fact for legal sufficiency, all evidence must be reviewed in the light most favorable to the party in whose favor the finding was made, indulging every reasonable inference from the evidence in that party's favor. *See Formosa Plastics Corp USA v. Presidio Engineers and Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998). A legal sufficiency challenge will be sustained only when (1) there is a complete lack of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence established conclusively the opposite of a vital fact. *See Merrell Dow Pharmaceuticals v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997); *Cecil v. Smith*, 804 S.W.2d 509, 510 n. 2 (Tex.1991).

In reviewing factual insufficiency, this Court must consider, weigh, and examine all of the evidence which supports and which is contrary to the finding of fact. *See Sosa v. City of Balch Springs*, 772 S.W.2d 71, 72 (Tex. 1989). The finding should be set aside only if the evidence supporting the trial court's finding, standing alone, is so weak as to be clearly wrong and manifestly unjust. *See Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986); *Otis Elevator Co. v. Joseph*, 749 S.W.2d 920, 923 (Tex. App.—Houston [1st Dist.] 1988, no writ).

The trial court's conclusions of law are not binding on an appellate court. *See O'Farrill Avila v. Gonzalez*, 974 S.W.2d 237, 243 (Tex. App.—San Antonio 1998, pet.

denied); *Connelly v. Paul*, 731 S.W.2d 657, 661 (Tex. App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.). Rather, the review of the trial court's legal conclusions is de novo. *See State v. Heal*, 917 S.W.2d 6, 9 (Tex.1996); *Pegasus Energy Group, Inc. v. Cheyenne Petroleum Co.*, 3 S.W.3d 112, 120 (Tex. App.—Corpus Christi 1999, pet. denied); *accord State Farm Lloyds v. Kessler*, 932 S.W.2d 732, 735 (Tex. App.—Fort Worth 1996, writ denied); *Hydrocarbon Mgmt., Inc. v. Tracker Expl., Inc.*, 861 S.W.2d 427, 431 (Tex. App.—Amarillo 1993, no writ).

**B.      The evidence presented at trial is more than sufficient to support the trial court's award of damages to Boniuk.**

(i)      In order to establish its claim against Dupree for breach of the lease, Boniuk was required to offer proof of each of the following elements:

1.      The existence of a valid and enforceable contract;

2.      The parties were in privity;

3.      Boniuk performed, tendered performance, or was excused from performing its contractual obligations;

4.      Dupree breached the lease; and,

5.      Dupree's breach caused damages to Boniuk.

*See C & C Partners v. Sun Exploration & Prod.*, 783 S.W.2d 707, 721 (Tex. App.–Dallas 1989, writ denied); *Valero Mktg. & Sup. Co. v. Kalama Int'l*, 51 S.W.3d 345, 351 (Tex. App.–Houston [1st Dist.] 2001, no pet.). In this case, elements one, two and

18

three were never raised as disputed issues, as all parties conceded the existence of a valid contract between Boniuk and Dupree. Notwithstanding, both parties offered documentary and oral evidence to prove elements one, two and three. (Pl. Ex. 1; 1 RR 27-28, 149-51). Regarding the remaining elements, Boniuk offered more than sufficient evidence to support the trial court's findings of fact, conclusions of law, and judgment.

With regard to element four, Boniuk offered evidence that Dupree breached the lease by failing to make rental payments due pursuant to the terms of the Lease. (Def. Exs. 3, 4, 5, 9, and 10; 1 RR 117-19, 153-59). In addition and in support of element five, Boniuk provided specific evidence outlining the monetary damages it suffered as a direct result of Dupree's continuous breach of the Lease. *Id.* (1 RR 161-62, 169). Even with Boniuk's admitted mistakes in its accounting record in exhibit D3 representing the 2008 and 2009 calendar years (Def. Ex 3; 1 RR 112, 121, 148, 152-53, 155-59), the trial court concluded that Boniuk had presented sufficient evidence to support its claim for damages. More specifically, the Judge stated, "But in any event, the payment history - - essentially what it did, D3, it omits the deferment agreement. It simply sets that aside. I understand beginning in April of 2009 . . . which is inconsistent with the lease, but I am going to go by the terms of the lease. It doesn't really matter what the payment schedule says. What matters is what the lease says, and the amendment to the lease. . . So, the math is correct. It is just as correct as it can be.

19

I mean, really, to me, isn't any gray areas. The numbers I am looking at are accurate, the $91,168 through October of 2011." (1 RR 181).

The evidence presented at trial, viewed under either a legal sufficiency challenge or a factual sufficiency challenge, is sufficient to support the trial court's judgment in Boniuk's favor. Standing alone, without considering any other evidence in the record, the above cited evidence, as more fully detailed in the Statement of Facts, establishes that there (1) is not a complete lack of evidence of a vital fact; (2) is evidence to which the court is not barred by rules of law or of evidence from giving weight; (3) is far more than a mere scintilla of evidence; and (4) is sufficient evidence to overcome any argument that the evidence established conclusively the opposite of a vital fact. *See Merrell Dow Pharmaceuticals v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997); *Cecil v. Smith*, 804 S.W.2d 509, 510 n. 2 (Tex.1991). Moreover, even when considered alongside the evidence cited in Dupree's brief, the evidence presented by Boniuk, standing alone, is not so weak as to make the trial court's findings of fact, conclusions of law, and judgment clearly wrong and manifestly unjust. *See Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986).

For example, Dupree argues that the court erred by ruling that Dupree had not tendered the funds for payment of lease payments for the period from August 2010 to December 2010; thus arguing that she had actually made such payments to Boniuk; see point of error 2 of appellant's brief. In point 20 (page 16), Dupree states that she

20

testified that she had authorized Boniuk to cash the checks tendered for August, September, October, November and December 2010; however, Boniuk finds no record of such testimony. And, this argument simply ignores the record in this case. Boniuk offered evidence showing the payment history for Dupree, which revealed a pattern of asking Boniuk to hold checks until funds were available. (Def Ex. 4 and 5; 1 RR 117-19). Several examples include (1) check #5073 dated June 9, 2010 in the amount of $5,323.00 noted for May rent was held until August 3, 2010 at which time notice was given by Dupree or her agent that funds were available for the check to be deposited; (2) check #5074 dated June 9, 2010 in the amount of $6,323.00 noted for June rent was held until August 6, 2010 at which time notice was given by Dupree or her agent that funds were available for the check to be deposited; and (3) check #5075 dated July 1, 2010 in the amount of $6,323.00 noted for July was held until September 29, 2010 at which time notice was given by Dupree or her agent that funds were available for the check to be deposited. *Id.* Mr. David Boniuk testified that when such payments were submitted to Boniuk, notes were attached asking that said checks not be deposited until funds are available. *Id.* (1 RR 118-19). Mr. Boniuk also testified to the fact that this request had been made on more than one occasion. (Def. Exs. 4 and 5; 1 RR 117-19, 160). Furthermore, even if the landlord had deposited the checks in issue, Dupree would have still been in default of the subject lease agreement. As of March 2011, Dupree was in arrears in an amount in excess of $44,000.00 for her rental obligations

21

(Def. Ex. 9; 1 RR 162) and in excess of $24,000.00 for her promissory note obligation. (Def. Ex. 15; 1 RR 169). The checks in issue total $27,615.00. (Def. Ex. 5) Most importantly, Boniuk did not receive the benefit of the $27,615.00 because of the representations made by Dupree. Finally, Dupree admits that she owed money to Boniuk in March 2011, at which time she sent correspondence to Boniuk requesting concessions. (Def. Ex. 18). She states, "I will make sure you receive at least $20,000 owed on the outstanding balance and continue to make payments on the signed agreement." *Id.* She further states, "This is our only chance to pay you this amount in a short time. . . I realize that we will never reach our numbers because the liabilities are too high for me to catch up." *Id.* Hence, the trial court properly awarded Boniuk damages for its breach of lease claim. (see Findings of Fact #17 @ CR 96-102)

In her point of error 3, Dupree claims no consideration for the amendment to the lease agreement. (Appellant's Brief, pages 16-18). Dupree argues that the court erred by ruling that the amendment to the lease agreement was valid and legally enforceable. *Id.* Dupree claims that such amendment was not supported by separate and independent consideration. Dupree's testimony at trial clearly contradicts her point of error 3. Dupree testified that there had been roofing problems at the shopping center in 2008; such roof leaks caused damage to her property in the Premises. (1 RR 33-34). She further testified that with the execution of the lease amendment, the landlord worked out a payment structure which helped her. (Pl. Ex. 2; 1 RR 59-62). More

22

specifically, the landlord agreed to abate the rent for the months of September 2008, October 2008 and November 2008. *Id.* Second, the landlord agreed to defer $3,000 per month of rent for the months of December 2008, January 2009, February 2009, and March 2009, which deferment Dupree agreed to pay back by adding $500 per month to her rental obligation beginning in October 2009. *Id.* Finally, both parties agreed that by execution of the amendment, all claims between the parties on and before September 26, 2008 were fully satisfied. *Id.* (see Court's Findings of Fact #29 and #30 @ CR 96-102). These facts elicited through Dupree's testimony support that consideration was given with the rent abatement and deferment. Furthermore, and in support of Boniuk's position, the Judge of the trial court stated, "But even more than that, in September of 2008, you entered into the amendment. They deferred three months of rent, which was $15,000, which they didn't have to. And, so, the notion would be, at least in my mind, that is consideration for whatever claim you may have had prior to that time. It specifically says that each party releases any claims that you have for anything that's occurred prior to that date . . . As far as I am concerned, there is consideration for that because they basically agreed that you didn't have to pay $15,000 worth or rent." (1 RR 179-80). Therefore, Dupree's argument is without merit.

    (ii)    In order to establish its claim against Dupree for breach of the promissory note, Boniuk was required to offer proof of each of the following elements:

1. Boniuk is the legal holder of the note; and

2. Dupree's execution of the note; and

3. An outstanding balance is due and owing.

*Austin v. Countrywide Homes*, 261 S.W.3d 68, 72 (Tex. App.—Houston [1st Dist.] 2008, pet. denied). It is not enough for Plaintiff to establish Defendant's liability on the note. The Plaintiff must show that a certain balance is due and owing on the note. *Clark v. Dedina*, 658 S.W.2d 293, 295 (Tex. App.—Houston [1st Dist.] 1983, writ dism'd) (emphasis added). In this case, elements one and two were never raised as disputed issues as all parties conceded the existence of a promissory note between Boniuk and Dupree. Notwithstanding, both parties offered documentary and oral evidence to prove elements one and two. Boniuk Interests, Ltd. is the legal holder of said note and is entitled to enforce it, and Dupree executed said note. (Pl. Ex. 3; 1 RR 45-47, 62-64, 114, 119-120, 154-55). Regarding the third element, Boniuk offered more than sufficient evidence to support the trial court's findings of fact, conclusions of law, and judgment.

Boniuk offered evidence that Dupree breached the promissory note by failing to make payments due pursuant to its terms. (Def. Exs. 12, 13, 14, 15 and 16; 1 RR 166-69). In addition, Boniuk provided specific evidence that an outstanding balance was due and owing to Boniuk and outlined the monetary damages it suffered as a direct result of Dupree's breach. *Id.* (1 RR 166-69). Dupree testified to making three (3)

24

payments towards the promissory note in February 2010, March 2010 and April 2010. (1 RR 46-47). However, Dupree's testimony was contradicted by Boniuk with documentary evidence showing only one payment with check number 2111 in the amount of $1,452.00 on June 7, 2010 (Def. Exs. 12 and 13; 1 RR 166-67). In other words, Dupree's first and only payment on the Note was on June 7, 2010 at which time she was in arrears in the amount of $1,936.00 because she had failed to pay her promissory note installments for the months of February – May 2010. Dupree further claims that she stopped making payments when she realized that she had never actually received the $21,499.00. (1 RR 47). This statement was contradicted by Mr. David Boniuk with testimony that Boniuk credited her lease account in the amount of $21,499.00 in exchange for the execution of the promissory note. (1 RR 119-120).

Who in their right mind would make payments on a promissory note without receiving consideration as suggested by appellant in her brief on page 10, paragraph 3? Boniuk, in fact, gave Dupree a credit towards her leasehold account for rental payments past due to assist her in obtaining government funding for her business in exchange for the promissory note in question. (1 RR 154-55). Significantly, Dupree asked for this accommodation resulting in the execution of the subject promissory note in December 2009. (1 RR 78, 153-55). She again asked for a similar accommodations in March 2011. (Def. Ex. 18; 1 RR 164-65). The trial court is the trier of fact and weighed the credibility of witnesses. Boniuk presented direct evidence in the form of

25

documents and testimony to support the trial court's judgment with respect to the promissory note. In this regard, if the written instrument is worded so that it can be given a certain definite meaning or interpretation, then it is not ambiguous, and the court will construe the contract as a matter of law. *Coker v. Coker*, 650 S.W. 2d 391, 393 (Tex. 1983); *City of Pinehurst v. Spooner Addition Water Co.*, 432 S.W. 2d 515, 518 (Tex. 1968); *Community Dev.__[**5] Serv., Inc. v. Replacement Parts Mfg.*, 679 S.W. 2d 721, 724 (Tex. App _- - Houston [1st Dist.] 1984, no writ).

In the alternative, parol evidence is admissible to ascertain the parties' true intentions where the writing is ambiguous. *Trinity Univ. Ins. Co. v. Ponsford Bros.*, 423 S.W. 2d 571, 574-75 (Tex. 1968). Dupree testified that the promissory note was executed as a personal loan to her. (1 RR 47). Boniuk testified that Dupree executed the promissory note in exchange for a credit against Dupree's lease account. (1 RR 120, 154-55). If an ambiguity does exist and the court needs to ascertain the parties' true intentions with regard to the promissory note, it would be proper for the court to consider parol evidence. Boniuk will not speculate as to what the court considered in making its determination that Dupree executed the promissory note; that it was breached, and that Boniuk, the legal holder of the note, was damaged in the amount of $28,497.45.

**C.   The evidence presented at trial is more than sufficient to support the trial court's denial of relief to Dupree.**

26

Based upon the same evidence cited in Boniuk's statement of facts and in the argument above, the trial court properly denied the relief sought by Dupree. The trial court's conclusion that there was no evidence to support Dupree's fraud claim is fully supported by the evidence in this case.

In order to establish her claim against Boniuk for fraud, Dupree was required to provide sufficient evidence to prove each of the following elements:

1. A material misrepresentation was made by Boniuk; and

2. It was false; and

3. When the representation was made, Boniuk knew it was false when made or the statement was recklessly asserted without knowledge of its truth; and

4. That Boniuk made the false representation with the intent that it be acted upon by Dupree; and,

5. Dupree acted in reliance upon the misrepresentation; and

6. Dupree suffered injury as a result.

*In re FirstMerit Bank, N.A.*, 52 S.W. 3d 749, 758 (Tex. 2001); *Formosa Plastics Corp. USA v. Presidio Engineers & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998). As to the **intent element**, evidence must be presented that a representation was made with the intent to deceive and with no intention of performing as represented at the time the

representation was made. *Formosa*, 960 S.W.2d at 48; *Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 434 (Tex. 1986).

The evidence in this case supports the trial court's determination that Dupree is not entitled to the relief she sought. There is no basis for finding that Boniuk committed fraud as claimed in Dupree's point of error 4. Dupree did not offer any evidence to legally support each and every element of fraud. Furthermore, and as stated previously, even with Boniuk's admitted mistakes in its accounting record in exhibit D3 representing the 2008 and 2009 calendar years (Def. Ex 3; 1 RR 112, 121, 148, 152-53, 155-59), the trial court concluded that Boniuk had presented sufficient evidence to support its claim for damages. The accounting errors in exhibit D3, Boniuk's omission of the deferment payments identified in the amendment to lease agreement (Pl. Ex. 2), were just that, an error, and as the judge of the trail court said, "What matters is what the lease says, and the amendment to the lease. . . So, the math is correct. It is just as correct as it can be. I mean, really, to me, isn't any gray areas. The numbers I am looking at are accurate, the $91,168 through October of 2011." (1 RR 181). Again, the trial judge was the trier of fact and weighed the credibility of the witnesses. For these reasons, the trial court's judgment should be affirmed.

**D.      Boniuk's evidence is legally and factually sufficient to support the judgment.**

There is no legal or factual basis upon which the trial court's judgment should be reversed. Boniuk offered legally and factually sufficient evidence to support the trial court's award of damages to Boniuk for breach of lease and breach of promissory note. Likewise, the evidence presented by Boniuk was legally and factually sufficient to justify the trial court's denial of any relief sought by Dupree. Moreover, Dupree failed to present legally and/or factually sufficient evidence to support her claims, which the court properly rejected. For these reasons, this Court should hold that Boniuk introduced legally and factually sufficient evidence, and should affirm the trial court's judgment.

## CONCLUSION AND PRAYER

The trial court's judgment in this case is proper and should not be disturbed. Boniuk presented legally and factually sufficient evidence to support its damage claims against Dupree. This same evidence was also legally and factually sufficient to support the trial court's denial of relief on Dupree's claim for damages. For all these reasons, Boniuk asks that his Court affirm the trial court's judgment in all respects.

Respectfully submitted,


_Debra Boniuk_
Debra Boniuk
TBN: 17500280
3720 San Jacinto
Houston, Texas 77004
Telephone (713) 984-8300
Facsimile (713) 984-9399


_Mike Martinez_
Michael G. Martinez
TBN: 13143150
P.O. Box 1348
Friendswood, Texas 77549
Telephone (281) 450-1997
Facsimile   (281) 482-1162

Counsel for Appellee

30

## Certificate of Service

I hereby certify that on the ___16ᵗʰ___ day of March 2015, a true and correct copy of the foregoing document was forwarded to the following counsel of record via the indicated manner:

Timothy L. Williams                          via Certified Mail, RRR
TL Williams & Associates                     7010 1870 0001 8339 8004
11811 North Freeway, Suite 212
Houston, Texas 77060

_Debra Boniuk_
Debra Boniuk

## Certificate of Compliance

Pursuant to Rule 9 of the Texas Rules of Appellate Procedure, this document is formatted in typeface Times New Roman, font size 14; and the computer generated word count for this document is 6,781.

_Debra Boniuk_
Debra Boniuk

31